[No. 11768.   Department One.   July 18, 1914.]

E. R. B. REMLY, *Respondent*, v. ELMER SWANSON *et al.,*
*Appellants.*[1]

SALES—DELIVERY—EVIDENCE—SUFFICIENCY.   Upon an issue as to
the delivery of lumber sold, evidence of a witness that he knew the
lumber sold had been delivered, although he did not see it delivered,
is sufficient to make a *prima facie* case, in the absence of other evi-
dence.

NAMES—ASSUMED NAMES—CERTIFICATES—SUFFICIENCY—STATUTES
—CONSTRUCTION.   A certificate as to the assumed name under which
plaintiff was doing business complies with Rem. & Bal. Code, § 8369,
requiring it to set forth the post office address of the parties inter-
ested, where it recites that the plaintiff is engaged in and conduct-
ing a general retailing business at Metaline Falls, Pend Oreille
county, state of Washington.

SAME—ASSUMED NAME—CERTIFICATE—SUFFICIENCY.   A certificate
as to the assumed name under which a party was doing business
need not give the name of her husband as a party interested, under
Rem. & Bal. Code, § 8369, when she was the owner of the business
and her husband was merely a manager.

Appeal from a judgment of the superior court for Pend
Oreille county, Jackson, J., entered April 11, 1913, upon
findings in favor of the plaintiff, in an action on contract,
tried to the court.   Affirmed.

*Tolman & King*, for appellants.

*Reading & Trumbull*, for respondent.

MAIN, J.—The purpose of this action was to recover the
balance alleged to be due on account of lumber sold and de-
livered.   The cause was tried to the court without a jury.
At the conclusion of the plaintiff's testimony, the defend-
ants challenged the sufficiency of the evidence to sustain
the judgment and moved for a dismissal of the action.

[1]Reported in 141 Pac. 899.

This motion was overruled. The defendants elected to stand upon the record as it then was and declined to offer any evidence. Judgment was entered for the plaintiff in the sum of $219.05, from which the appeal is prosecuted.

The principal controversy between the parties is over the quantity of lumber actually delivered. For the purpose of showing the quantity of lumber furnished, the respondent offered in evidence her books of account. In addition to this, the husband of the respondent, who was manager of the Metaline Falls Lumber Company, testified that, while he did not see all the lumber actually delivered, he knew it had been delivered. His means of knowledge was not disclosed, either upon direct or cross-examination. The appellants claim that, owing to certain infirmities in the books of account, they were inadmissible in evidence. It is unnecessary, however to pursue this question. The evidence of the respondent's husband that he knew the lumber was delivered was sufficient to make a *prima facie* case and sustain the judgment, in the absence of any opposing testimony.

Upon the trial, there was introduced in evidence, over the objection of the appellants, a certificate which recited that the respondent was engaged in conducting a general business in retailing lumber and building supplies in Metaline Falls, Pend Oreille county, under the assumed name of Metaline Falls Lumber Company, and that she was the only person having any interest therein. Section 8369, Rem. & Bal. Code (P. C. 377 § 21), provides, among other things, that no person shall conduct or transact business under an assumed name unless there be filed with the county clerk of the county in which the business is conducted, a certificate, which "shall set forth the designation, name or style under which said business is to be conducted, and the true and real name or names of the party or parties conducting or intending to conduct, the same, or having an interest therein, together with the post office address or addresses of

said person or persons . . ." The appellant claims that the certificate fails to conform to the statutory requirement as to the recital of the post office address of the person conducting or transacting the business. The certificate recites, however, that

"E. R. B. Remley is engaged in conducting a general business in retailing lumber and building supplies at Metaline Falls, Pend Oreille County, State of Washington, under the assumed firm name and style of Metaline Falls Lumber Company . . ."

While the certificate might have been couched in more pointed language, in the absence of contravening evidence, it would seem only a reasonable inference that the respondent's address was at the place where the certificate recited she was conducting the business.

Another objection to the certificate was that it did not contain the name of the respondent's husband, it being contended that he was interested in the business. But this contention is met by the evidence, which shows that the businesss was owned by the respondent, but managed by her husband.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.